## 32158. WOODS v. WOODS.

NICHOLS, Chief Justice.

The father filed a petition seeking a change in custody of his minor son. The petition alleged that the mother was a nonresident of the state, but frequently visited and sojourned in the county. The mother was personally served. She filed a plea to the jurisdiction of both the person and the subject matter, which was overruled. The trial court entered a final award of custody in favor of the father. The mother appeals from the award of custody.

There is no merit in the contention that the trial court lacked subject matter jurisdiction. *Hopkins v. Hopkins,* 237 Ga. 845 (1) (229 SE2d 751) (1976).

In *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977), this court held: "When the mother came to Georgia to return them [the children] to their home in Florida, she was served with the father's petition for change of custody. The mother filed a plea to the jurisdiction and motion to dismiss, which the trial court granted, and the father appeals. We affirm for the reason that this court finds as a matter of public policy that a noncustodial

parent should not be able to entice the custodial parent into his jurisdiction for purposes of relitigating questions of custody." At p. 203 this court held: "This court is concerned with the number of cases in which children are illegally seized or illegally detained at the end of visitation periods by their noncustodial parents, as well as those where a parent is personally served with a petition when he arrives to return his children home, as in this case. We believe that by denying these parents a convenient forum in which to relitigate custody, these practices may be reduced or stopped altogether. It is thus in the public interest to discourage such conduct without any prejudice whatsoever to the noncustodial parent's right to bring such a petition where the legal custodian, and the children, reside." Thus, in setting forth the public policy of this state in a change of custody case, a suit must be brought where the custodial parent and the child are domiciled, whether in another county or in another state. Although in this case, there was no enticing, tricking, or decoying the appellant into the jurisdiction, this rule, nevertheless, must be followed.

The trial court erred in entering a final judgment in light of *Matthews,* supra.

*Judgment reversed. All the Justices concur. Bowles, J., not participating.*

SUBMITTED APRIL 1, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 11, 1977.

*Robert J. Evans,* for appellant.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour,* for appellee.