## 32919, 32920, 32921. MEREDITH v. MEREDITH
(three cases).

HALL, Justice.

### Cases Nos. 32919 and 32920

In this continuing alimony dispute (see *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977)), the trial court ruled that under the parties' divorce decree Mr. Meredith was required to furnish for the use of Mrs. Meredith a new Pontiac automobile each year; that for 1977 a Pontiac Astre fulfilled his obligation; that he was required to deliver it to her in Greenville, South Carolina; that he was guilty of contempt for his unexcused failure to provide her an automobile in 1976 (but could purge himself by delivering one properly in 1977); and that he must pay her $450 attorney fees.

1. A "new Pontiac automobile" required by the decree by its plain meaning includes a new Astre; and the evidence showed that the differences between the Astre he offered and the Grand Prix she contended for were not great enough to create a genuine possibility that the Astre could fail to fulfill the parties' original intent.

2. A court of equity acts on the body of a party, and the court had jurisdiction of the person of Mr. Meredith. His contention that the court was without jurisdiction to order him to perform an act in South Carolina is without merit; it has power to jail him in Georgia if he refuses.

3. Mr. Meredith argues that it would be error to

require him to transfer title of the automobile to Mrs. Meredith, since the divorce decree contemplated only her use and not her ownership of the vehicle. We agree that the trial court was in error in indicating in colloquy that title must be transferred. However, nothing in the trial court's orders requires a transfer of title, and therefore they may stand as written.

4. With respect to the remaining issues, we have reviewed the records and find that the trial court's rulings on questions of fact were supported by the evidence presented and that he committed no abuse of discretion nor error of law in any matter enumerated as error in Cases Nos. 32919 and 32920.

### Case No. 32921

In Case No. 32921 the trial court set aside the service on Mrs. Meredith of Mr. Meredith's suit to modify alimony because service was achieved through a "contrivance" which equity would not condone, and he appeals. The court's ruling is supported by the record, and we affirm. Cf. *Woods v. Woods,* 238 Ga. 737 (235 SE2d 36) (1977); *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977). See generally, *McPherson v. McPherson,* 238 Ga. 271 (232 SE2d 552) (1977).

*Judgments affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1977 — DECIDED NOVEMBER 28, 1977.

*Smith & Shiver, Truett Smith,* for appellant.
*C. Patrick Milford, McClure, Ramsey, Struble & Dickerson, Robert B. Struble,* for appellee.