## 33031. MOORE v. MOORE.

UNDERCOFLER, Presiding Justice.

Joe Louis Moore, the father, filed his petition in the nature of habeas corpus seeking a change of custody in his favor and against his ex-wife, Alva Wright Moore, in Clayton County. The couple had been divorced there in 1971, but the mother who had been granted custody of their two sons, had moved with them shortly thereafter to Tennessee. The mother was personally served in Clayton County with the father's petition, which alleged that she was a nonresident of the state, and she answered and cross petitioned for custody of her children by habeas

corpus. The trial court heard evidence on the custody issue in December, 1976, but reserved decision so that it could study several depositions which were submitted in the case.

In January, this court in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977), ruled that as a matter of public policy, the superior courts of this state could no longer entertain petitions for change of custody filed against nonresident legal custodians served in the jurisdiction of the noncustodial parent. Prior to *Matthews,* such suits had been approved against venue, personal and subject matter jurisdiction attacks. E.g., *Dearman v. Rhoden,* 235 Ga. 457 (219 SE2d 704) (1975). The mother raised this issue in the trial court, but it overruled her, ruled in favor of the father on the change of custody question and against her habeas corpus cross petition. The father was granted custody on supersedeas pending her appeal. We reverse.

The judgment granting the change in custody is unauthorized under the public policy of this state. *Matthews v. Matthews,* supra. Accord, *Meeks v. Baillargeon,* 239 Ga. 137 (236 SE2d 81) (1977); *Woods v. Woods,* 238 Ga. 737 (235 SE2d 36) (1977). In addition, the trial court erred in failing to grant the mother's cross application for habeas corpus since she is the legal custodian of the children.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JANUARY 9, 1978 — DECIDED JANUARY 24, 1978 — REHEARING DENIED FEBRUARY 21, 1978.

*George & George, William V. George, Katz, Weissman & Loftis, Donald A. Weissman,* for appellant.
*Albert B. Wallace,* for appellee.