## 33552. BAYARD v. WILLIS.

HILL, Justice.

This is a dispute over the custody of the parties' fourteen-year-old minor child. The superior court denied the nonresident custodial parent's habeas corpus petition brought to enforce a 1974 Florida divorce decree awarding child custody to the mother. We reverse.

The mother is a resident of Florida. When the parties were divorced she was awarded child custody. The father paid his 14-year-old son's air fare to Georgia and would not release the boy to the mother. She brought habeas corpus.

As a matter of public policy to deter child snatching, a nonresident custodial parent should not be forced to relitigate questions of custody in the noncustodial parent's jurisdiction. *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977); *Woods v. Woods,* 238 Ga. 737 (235 SE2d 36) (1977); *Meek v. Baillargeon,* 239 Ga. 137 (236 SE2d 81) (1977).

The father urges that because the child now is with him in this state and Georgia law permits a fourteen-year-old basically to elect with which parent the child desires to live (see Code Ann. §§ 30-127, 74-107), the Georgia court was authorized to reconsider the issue of custody. The fact that the child is now fourteen and residing in Georgia with the noncustodial parent does not authorize the Georgia court to relitigate the issue of legal custody. The father is not without legal recourse; the court where the custodial parent resides has the right to award a change in custody. *Matthews v. Matthews,* supra; *German v. Johnson,* 231 Ga. 454 (2) (202 SE2d 89) (1973).

Where a nonresident parent who has been awarded custody of a child by court order enters this state to regain that child from the noncustodial parent and files a habeas corpus petition, the trial court may not reconsider the question of legal custody. The trial court erred in failing to grant the mother's petition since she is the legal custodian of the child. *Meek v. Baillargeon,* supra; *Moore v. Moore,* 240 Ga. 751, 752 (242 SE2d 68) (1978).

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 5, 1978 — DECIDED JUNE 28, 1978.

*Surrett, Thompson, Bell, Choate & Walker, J. Samuel Choate, Jr.,* for appellant.

*Fleming, Blanchard & Thompson, James G. Blanchard, Jr.,* for appellee.