## 37373. ROBERTSON v. ROBERTSON.

HILL, Presiding Justice.

Vicky Ann Robertson filed a complaint for divorce against her husband, Kenneth Eugene Robertson, in Early County on August 23, 1980. She alleged, inter alia, that her husband was a resident of Early County, that they had been married on December 30, 1978, and separated since March 3, 1979, and that they had a 10-month-old son. She also alleged that her husband had absconded with the child on or about August 16, 1980, and prayed that she be awarded temporary

and permanent custody of the child and that her husband be enjoined from interfering with her custody of the child. Upon considering the complaint, the trial court issued a rule nisi ordering the husband to appear before the court on September 8, 1980. This hearing was postponed until September 29, 1980, and again until October 29, 1980, because defendant could not be located and served in Early County. On September 26, he was served by an officer in the Cobb County Sheriff's Department at his mother's home in Marietta, Cobb County, Georgia. On October 22, 1980, the husband filed a motion to dismiss for improper venue on the basis that he had moved to Cobb County "with full intention of making that county his permanent residence" on August 15, 1980, and since that date Cobb County had been his county of residence.

The motion to dismiss came on for a hearing on October 27, 1980. The husband submitted as evidence only his affidavit stating that as of August 15, 1980, he had become a resident of Cobb County. The wife filed a response to his motion to dismiss contending (1) that he was estopped to contest venue as to child custody because he had absconded with the child during visitation, (2) that he was not a bona fide resident of Cobb County but had moved in order to force her to litigate child custody in an inconvenient forum, and (3) that he should be required to relinquish custody prior to litigating venue. She also filed an affidavit in which she stated that "From and after March 3, 1979 the minor child has been in the lawful custody and control of affiant by agreement of the parties," and that on August 15, 1980, when he was supposed to be visiting with the child at his Early County residence, the husband had taken the child and absconded to Cobb County.[1]

The wife's affidavit being uncontradicted, the trial court found as facts that the child had been in her custody by agreement of the parties since March 3, 1979, and that the husband had absconded to Cobb County with the child to make it inconvenient for the wife to contest custody. The trial court ruled that this conduct contravened the public policy of this state as set forth in *Matthews v. Matthews*, 238 Ga. 201, 203 (232 SE2d 76) (1977). Recognizing that the court in *Matthews* was particularly concerned with the illegal detention of children at the end of a visitation period by the noncustodial parent where custody had been established by court order, *Matthews v. Matthews*, supra, 238 Ga. at 203, and that in this case custody had not previously been litigated, the trial court nonetheless held that the

---

[1] We note the unexplained discrepancy in the dates. Had the child been born before March 3, 1979, he could not be only 10 months old in August of 1980.

husband was equitably estopped to contest venue until he restored the child to the wife. The trial court also entered an injunction restraining the husband from withholding the child from the wife or from otherwise interfering with her custody of the child. The husband then filed an application to appeal pursuant to Code Ann. § 6-701.1 (a) (2) which was granted by this court.

1. Relying on *Hatcher v. Hatcher,* 229 Ga. 249 (190 SE2d 533) (1972), the husband contends that the trial court erred in awarding custody of the child to the wife prior to determining venue. But as he concedes, this court held in *Gordon v. Gordon,* 244 Ga. 21 (257 SE2d 528) (1979), that *Hatcher* does not *require* the trial court to rule on a defense of lack of personal jurisdiction prior to awarding payment of temporary alimony but merely *allows* the court to so rule. *Gordon v. Gordon,* supra, 244 Ga. at 21, expressly holds that "[I]t is not error to award temporary alimony prior to ruling on jurisdictional issues." This rule applies with equal force to temporary awards of child custody. *Hewlett v. Hewlett,* 220 Ga. 656 (1) (140 SE2d 898) (1965). Contrary to the husband's assertion, the fact that the case came on for hearing on the motion to dismiss likewise does not require that the trial court first rule on that motion. As we noted in *Gordon v. Gordon,* supra, 244 Ga. at 22, "The husband's failure to answer does not give him the right to insist that the jurisdictional issues be decided prior to the entry of a temporary award."

2. The husband's second enumeration of error is that the trial court erred in estopping him from contesting venue until he relinquished custody. He contends that the policy considerations underlying *Matthews v. Matthews,* supra, 238 Ga. 201, do not apply to a situation where there is no court order awarding custody. The wife, on the other hand, contends that those policy considerations apply with equal force where the trial court finds as a fact that there was an agreement as to custody and that finding is supported by the evidence.

In addition to finding as a matter of fact that the wife has had custody and control of the child since March 3, 1979, by agreement of the parties, the trial court also found as facts that prior to August 15, 1980, the husband was a resident of Early County; that on August 15, 1980, the father was allowed to visit the child at his Early County residence; that rather than visit the child at his residence, the father abducted the child without notice to its mother and removed the child to Cobb County; that the wife was thereafter unable to locate the child for several weeks; and that the father's purpose in abducting the child and refusing to relinquish control of the child was for the purpose of defeating the court's jurisdiction and requiring the wife to litigate custody of the child in the inconvenient forum of Cobb

County.

In *Matthews v. Matthews,* supra, we dealt with child snatching after an award of child custody. There we said (238 Ga. at 203): "This court is concerned with the number of cases in which children are illegally seized or illegally detained at the end of visitation periods by their non-custodial parents. . . . We believe that by denying these parents a convenient forum in which to relitigate custody, these práctices may be reduced or stopped altogether. It is thus in the public interest to discourage such conduct without any prejudice whatsoever to the noncustodial parent's right to bring such a petition where the legal custodian, and the children, reside." We abhor child snatching in every form and fashion. A child is not to be mistreated and misused so one parent can "get even with" the other, by use of an inconvenient forum or otherwise. The trial court did not err in requiring the child to be returned to the mother (i.e., in awarding temporary custody of the child to the mother) before determining the father's motion to dismiss for lack of venue. *Gordon v. Gordon,* supra. The care, custody and welfare of the child takes precedence in a divorce/child custody case, and a trial court does not abuse its discretion by deciding who shall have temporary custody of a child before deciding other issues.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 14, 1981.

*Lane & Grantham, Billy M. Grantham,* for appellant.
*William S. Stone,* for appellee.