## 38537. ROLLESTON v. ROLLESTON.

ORDER OF COURT.
This case is here on direct appeal. However, the petitioner also filed an application for appeal pursuant to Code Ann. § 6-701.1. The Court having considered and denied the application this appeal is hereby dismissed.
*All the Justices concur.*

ORDERED MARCH 10, 1982 —
REHEARING DENIED MARCH 24, 1982.

*Moreton Rolleston, Jr., Jack S. Hutto,* for appellant.
*Amanda Williams,* for appellee.

ON MOTION FOR REHEARING.

PER CURIAM.
This matter was brought to this Court by application under Code Ann. § 6-701 (a) 2 (Application No. 1963) and an application under Code Ann. § 6-701.1 (Application No. 1964) and by direct appeal under Code Ann. § 6-701 (a)3 (this case). Both applications were denied on March 8, 1982, rehearing denied March 23, 1982. This case was dismissed by Order dated March 10, 1982. The appellant has moved for a rehearing.

Ancillary to proceedings for divorce, the trial court after a hearing issued an order temporarily restraining the appellant (the defendant husband) from selling, transferring or encumbering certain real and personal property. The appellant claims a right of appeal pursuant to Code Ann. § 6-701 (a) 3, authorizing appeals of "orders rendered after hearing, continuing in effect, modifying, vacating, or refusing to continue, modify or vacate a temporary restraining order."

Assuming, without deciding, that the order sought to be appealed should be classified procedurally under Code Ann. § 6-701 (a) 3, it is clear that the "underlying subject matter" of the case was

divorce and, hence, that the General Assembly intended the case to be brought to this court by application pursuant to Code Ann. § 6-701.1. *Bedford v. Bedford,* 246 Ga. 780 (273 SE2d 167) (1980). See, *Robertson v. Robertson,* 247 Ga. 810, 812 (280 SE2d 335) (1981). That application has been considered and denied.

*Rehearing denied. All the Justices concur.*