39021. CANNING v. EVANS et al.

JORDAN, Chief Justice.

This case involves a child custody dispute over Miga Faith Canning, a 5-year-old female child, between her father, the appellant, and her maternal grandparents, the appellees.

The child was 4 months old when her father and mother divorced in 1977. With the consent of the parties, custody was awarded to the mother and liberal visitation privileges to the father. On April 3, 1982, the child's mother died. At the time of her death, the child was at the father's home in Gwinnett County on visitation. The mother's funeral was in Tift County. When the father took the child down for the funeral, the grandparents requested that the father leave the child with them for a short visit. He agreed with the understanding that they return the child upon his request. About a week later, the father requested the child's return, and the appellees refused.

Consequently, on April 20, 1982, the father filed a habeas petition seeking return of the child to his custody. The grandparents counterclaimed, and the habeas court found the father to be unfit and granted permanent custody to the grandparents. The father appeals. We reverse.

In this case, the father as the surviving parent has the right to custody of the child under the laws of Georgia. See *Miele v. Gregory,*

248 Ga. 93 (2) (281 SE2d 565) (1981); *Wright v. Hanson,* 248 Ga. 523 (2) (283 SE2d 882) (1981); *Land v. Wrobel,* 220 Ga. 260 (138 SE2d 315) (1964); and Code Ann. § 74-106. Generally, a third party (i.e., aunt and uncle, grandparents, etc.) has no legal right to custody of a minor child who has a living natural parent with parental rights; consequently, such a third party has no legal standing to bring a habeas corpus action to obtain custody of such a child. *Curry v. Little,* 243 Ga. 219 (253 SE2d 201) (1979); *Spitz v. Holland,* 243 Ga. 9 (252 SE2d 406) (1979). However, Code Ann. § 74-106 gives third parties limited access to habeas relief where the surviving parent brings the habeas petition. See, *Bryant v. Wigley,* 246 Ga. 155 (2) (269 SE2d 418) (1980).

This case presents the question of whether the principles enunciated in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977) should apply to the facts of this case. Specifically, the question is whether a third party who illegally withholds custody from the surviving parent (i.e., the legal custodian) should be allowed to counterclaim and contest custody when the surviving parent files a habeas petition in the inconvenient forum to regain his or her rightful custody. We find that the public policy of *Matthews,* supra, applies and prevents a habeas court in such a case from entertaining the counterclaim.[1]

This court in *Matthews,* supra, found that as a matter of public policy a noncustodial parent should not be able to entice the custodial parent into his jurisdiction for purposes of relitigating questions of custody previously decided by court order. We found that custody questions in such a case have to be litigated in the county or state where the legal custodian resides.[2] This rule was adopted to discourage illegal child snatchings and detentions which tactics would force the legal custodian to litigate custody questions in an inconvenient forum.

This policy has been reiterated many times since *Matthews,* supra. See *Woods v. Woods,* 238 Ga. 737 (235 SE2d 36) (1977); *Hudson v. White,* 240 Ga. 209 (240 SE2d 18) (1977); *Bayard v. Willis,* 241 Ga. 459 (246 SE2d 315) (1978); *Robertson v. Robertson,* 247 Ga. 810 (2) (280 SE2d 335) (1981); *Etzion v. Evans,* 247 Ga. 390 (1) (276

---

[1] In *Bryant v. Wigley,* supra, we allowed the habeas court to entertain the counterclaim of an aunt and uncle under similar facts. However, in *Bryant* there was no question of an inconvenient or impermissible forum as both parties, the father and the aunt and uncle, resided in the same county.

[2] The same policy considerations are expressed in the "Georgia Child Custody Intrastate Jurisdiction Act of 1978." See §§ 24-301b—305b.

SE2d 577) (1981). It has been applied to cases where the parties contesting custody were not just the custodial parent and non-custodial parent (see, *Reid v. Adams,* 241 Ga. 521 (246 SE2d 655) (1978)) and to cases where there had been no court order awarding custody. (See, *Robertson v. Robertson,* supra, 247 Ga. at 812, where we applied the principle of *Matthews,* supra, to an agreement concerning custody).

In this case, the facts show that the father, the legal custodian, allowed the child to stay with the grandparents upon their request. The grandparents acknowledge that they agreed to return the child to the father upon request and that upon his request they refused to do so. Consequently, the father was forced to file a habeas petition in an inconvenient forum, Tift County, in order to regain custody. As a matter of public policy, such an illegal detention of a child should not be rewarded by allowing the grandparents to counterclaim and contest custody. Therefore, the habeas court improperly entertained the grandparents' counterclaim. As the father demonstrated his right to custody, the habeas court erred in not granting his petition.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 6, 1982 —
REHEARING DENIED OCTOBER 27, 1982.

*William R. Ritchie,* for appellant.
*Bob Reinhardt,* for appellees.