## A93A2239. HULSEY v. HULSEY.
(441 SE2d 477)

JOHNSON, Judge.

Phyllis Hulsey filed a wrongful death action after her minor child was fatally struck by an automobile. Her former husband, Paul Hulsey, filed a motion to intervene as a party plaintiff in the action. The trial court denied the motion and we granted Paul Hulsey's application for interlocutory appeal.

1. Paul Hulsey contends that the trial court erred in denying his motion because he has a right to intervene pursuant to OCGA § 19-7-1 (c) (2) (C), which provides "[i]f both parents are living but are divorced, separated, or living apart, the right [to proceed to recover for the wrongful death of a child] shall be in both parents. However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection."

Our research does not reveal and neither party cites any cases in which Georgia courts have applied this statute to a case involving the right of a divorced parent to intervene as a party plaintiff in a wrongful death action. In interpreting this subsection, it is helpful to consider its history. Prior to 1980, the cause of action for recovery for the homicide of a child belonged solely to the parent with custody of the child if the parents were divorced. See *Atkinson v. Atkinson*, 249 Ga. 247 (290 SE2d 423) (1982). However, in 1980 the legislature amended the statute to provide a joint cause of action for all living parents, including divorced parents. Id. Thus, it was the intent of the legislature to protect the right of both parents to a cause of action for the wrongful death of their child regardless of marital status. Where the parents are divorced, "the statute creates a single cause of action

vested in both parents, *which may be brought by both parents together, or by one parent on behalf of both parents.*" (Emphasis supplied; citation omitted.) *Belco Elec. v. Bush*, 204 Ga. App. 811, 813 (420 SE2d 602) (1992). Phyllis Hulsey's action was not brought by both parents together or on behalf of both parents.

Moreover, the only instances in which the statute specifically authorizes a divorced parent to proceed without the other is where the other parent cannot be located or where he refuses to proceed. Neither is the case here. It must be noted that, because they share one cause of action, Paul Hulsey would be bound by an adjudication on the merits of Phyllis Hulsey's case. Id. Because Phyllis Hulsey did not bring the action on behalf of both parents, we hold that Paul Hulsey has the right to intervene pursuant to OCGA § 19-7-1 (c) (2) (C) and protect whatever interest he has in the recovery. Any person who timely moves to intervene when a statute confers upon him an unconditional right to intervene must be permitted to do so. OCGA § 9-11-24 (a) (1). Thus, the trial court erred in denying Paul Hulsey's motion to intervene.

Phyllis Hulsey argues that Paul Hulsey has no right to intervene because he failed to pay any child support following the couple's divorce. The extent to which Paul Hulsey is entitled to share in any recovery is a separate issue from whether he has a right to intervene in the action. As discussed above, we construe the statute as giving him the right to intervene in the action. However, by holding that he has a right to intervene in the proceedings we do not imply that he has a right to share equally in any recovery. In fact, either parent may file a motion prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. OCGA § 19-7-1 (c) (6). It will then be the duty of the trial judge to hear evidence regarding each parent's relationship with the child and to determine the percentage of the judgment to be awarded to each parent. Id.

We appreciate Phyllis Hulsey's concern that, if allowed to intervene, Paul Hulsey will attempt to control the litigation and will make the trial of the case difficult. This court, however, will not prevent Paul Hulsey from intervening where the legislature has given him an unconditional right to do so. We also note that the trial court has the duty to control the trial of the case and to ensure a fair trial to all parties. *Westerfield v. State*, 176 Ga. App. 195, 197 (3) (b) (335 SE2d 702) (1985). The trial court also has the duty to provide for the orderly movement and disposition of all matters assigned to it. *Ford Motor Credit Co. v. Williams*, 194 Ga. App. 405, 406 (1) (390 SE2d 640) (1990). In exercising its discretion in handling these responsibilities, it is assumed that the trial court will require the trial to be conducted in such a way that ensures Phyllis Hulsey's concerns do not become reality.

2. Paul Hulsey contends that the trial court erred in declaring a forfeiture or termination of his parental rights in the deceased child. Contrary to Paul Hulsey's claim, the trial court in its order does not terminate or declare a forfeiture of Paul Hulsey's rights in his deceased child. The court merely states that, because Paul Hulsey has failed to support his child, he has forfeited his right to participate in this case. However, as discussed in Division 1 above, Paul Hulsey does have a right to participate in the proceeding. This issue is therefore moot.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 16, 1994 —
RECONSIDERATION DENIED MARCH 3, 1994 — 

*H. Michael Dever, R. Andrew Fernandez, Davis, Gregory & Christy, Hardy Gregory, Jr.,* for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Charles B. Tanksley, G. Robert Howard,* for appellee.