## A94A2311. WELLS v. SMITH.

(455 SE2d 321)

JOHNSON, Judge.

Henry David Wells filed this negligence action against W. M. Smith, the clerk of Atkinson County Superior Court, after a wrongful death suit Wells filed in that court was dismissed for his failure to appear at trial.[1] Sometime prior to March 2, 1993, Smith had been instructed by the judge to whom the case was assigned to send a notice to Wells and other litigants that trial was set for March 16, 1993. Smith assigned the duty to his deputy clerk, Anne Gaskins. On March 2, 1993, Gaskins placed a copy of the March 16, 1993 trial calendar in

---

[1] Wells filed the wrongful death suit after his motion to intervene in his biological son's wrongful death suit was denied because of his failure to legitimate, visit or support the child. (Superior Court of Atkinson County, Civil Action No. 91-C-23.) This Court denied Wells' application for interlocutory appeal of that order. (*Wells v. Butler*, Application No. A92I0271, decided 7/17/92.)

an envelope addressed to "H. D. Wells, P. O. Box 310, V. C. I., Valdosta, GA. 31601." The notice was received by the Valdosta Correctional Institution but was never delivered to Wells. When Wells failed to appear at trial, his case was dismissed. According to an uncontroverted affidavit submitted by Smith, the unopened notice was received by the clerk's office on March 29, 1993, stamped "Return to sender, Refused by Valdosta C. I.," and marked "Need I. D. Number, Need Full name." At that time the court was notified and the envelope containing the notice filed with the record. Wells subsequently filed this action against the court clerk, alleging Smith breached his duty to notify him of the trial date. The trial court granted Smith's motion for summary judgment and Wells appeals.

Wells contends the trial court erred in granting summary judgment to Smith because Smith breached his duty to notify the court as soon as he learned the notice was not delivered to Wells, Smith breached his duty to properly address the envelope containing the trial notice, and the trial court failed to determine where the notice was between March 4, 1993, and March 29, 1993.

Wells cites no authority for the arguments that Smith owed Wells a duty either to immediately notify the trial judge that the notice was not received or to include more information on the envelope containing the notice. The Code sections referred to in Wells' brief do not impose either duty upon the court clerk. Likewise, our research has failed to uncover such duties owed to a plaintiff by the court clerk. See generally OCGA § 15-6-50 et seq. Nonetheless, even assuming Smith owed Wells a duty to correctly address the notice and a duty to inform the court immediately upon receiving notice that it was not delivered, there is no evidence that either duty was breached. By way of affidavit, Smith swore that his office received the returned mail on March 29, 1993, and that the judge was so informed upon its receipt. The record before us contains no affidavit or deposition on behalf of Wells to rebut Smith's and Gaskins' statements that the clerk's office received the notice on March 29, 1993.

The same is true regarding Wells' argument that Smith breached a duty to correctly address the envelope. Wells' correct last name and first and middle initials were on the envelope, though the first and middle names were not spelled out. Wells has not shown that Smith's duty to him, if any, included spelling out his first and middle names rather than using initials or that Smith's duty included placing an inmate identification number on the envelope. The envelope did arrive at the correct address. That the officials at the correctional facility refused to deliver it to Wells while he was detained there should not render the clerk who addressed the envelope liable to Wells. "While it is true that issues of negligence, diligence, and ordinary care are usually for resolution by a jury rather than for summary judg-

ment, in 'plain and palpable' cases summary adjudication is entirely proper." (Citation omitted.) *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990). In this case, it is undisputed that the envelope was addressed to and arrived at the correct facility and that it bore Wells' last name and first and middle initials on it. The evidence that Smith did not receive the returned notice prior to March 29, 1993, is also uncontroverted by evidence of record. Inasmuch as there is no evidence that the notice was in the clerk's office before that date, the question of where the notice was is immaterial. "Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact." (Citations omitted.) Id. Wells has not met this burden.

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED MARCH 7, 1995.

Henry D. Wells, *pro se.*
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for appellee.