S95A0789, S95A1135, S95A1136. PRISON HEALTH SERVICES, INC. v. GEORGIA DEPARTMENT OF ADMINISTRATIVE SERVICES et al. (three cases).
S95A1850. THOMAS et al. v. PRISON HEALTH SERVICES, INC. et al.

(462 SE2d 601)

BENHAM, Chief Justice.

Each of these appeals has its genesis in the Request for Proposals solicited by the Georgia Department of Administrative Services (DOAS) on behalf of the Georgia Department of Corrections, which sought to enter into a contract for the state-wide provision of medical services for inmates incarcerated in the state prison system. Appellant Prison Health Services (PHS) was notified that its proposal had been selected, but a protest of the contract award to PHS by a frustrated bidder was sustained by DOAS, which decided to re-solicit the procurement. PHS then filed suit in superior court, seeking injunctive and mandamus relief as well as damages for purported breach of contract and constitutional deprivations.

PHS filed a separate direct appeal from each of three pertinent orders issued by the trial court: Case No. S95A0789 is an appeal from the trial court's denial of injunctive relief and dismissal of those portions of the complaint seeking injunctive and mandamus relief; Case No. S95A1135 is an appeal from the trial court's subsequent decision that the remaining claims asserting breach of contract and a violation of due process had to be dismissed because they were barred by the doctrine of sovereign immunity; and Case No. S95A1136 seeks appellate review of the trial court's order dismissing the breach of contract and due process claims for failure to state a claim upon which relief could be granted. In that order, the trial court stated it was treating DOAS' motion to dismiss as a motion for judgment on the pleadings.[1] While the four appeals from the trial court's orders were pending in this Court, the trial court denied, on standing grounds, the motion of Albert Thomas and several of his fellow inmates of the state prison

---

[1] Left for decision by the trial court at that time was the cross-claim filed by intervenor Correctional Medical Services, the frustrated, then vindicated, bidder. The trial court dismissed that cross-claim in May 1995, and CMS filed a direct appeal to this Court. *Correctional Med. Svc. v. DOAS,* Case No. S95A1420. That appeal was subsequently withdrawn by CMS shortly before its scheduled appearance on the September oral argument calendar.

system to intervene in the PHS litigation against DOAS. In Case No. S95A1850, the inmates appeal from that order.

1. Each of the appeals filed by PHS must be dismissed for failure to follow the discretionary application procedure set forth in OCGA § 5-6-35. In each appeal, the underlying subject matter is the decision of a trial court reviewing the decision of a state administrative agency. Appellate review of such decisions is secured by this Court's grant of an application for discretionary review. OCGA § 5-6-35 (a) (1); *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). While a judgment or an order denying an application for injunctive relief, mandamus or other extraordinary remedy is a judgment or order subject to direct appellate review (OCGA § 5-6-34 (a) (4) and (a) (5)), it is subject to the discretionary application procedure if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35. *Armstrong v. Miles*, 265 Ga. 344 (455 SE2d 587) (1995) (application required to appeal denial of petition for writ of habeas corpus that challenged the decision of a state administrative agency); *Miller v. Ga. Dept. of Public Safety*, 265 Ga. 62 (453 SE2d 725) (1995) (application required to appeal action taken on petition for declaratory judgment attacking state administrative agency action); *Self v. Bayneum*, 265 Ga. 14 (453 SE2d 27) (1995) (application required to appeal the denial of a writ of prohibition that sought relief from orders entered in a divorce action); *Rebich v. Miles*, supra (application required to obtain review of denial of petition for writ of mandamus that sought relief from state administrative agency action); *Alexander v. DeKalb County*, 264 Ga. 362, n. 4 (444 SE2d 743) (1994) (application required to obtain review of denial of motion for contempt filed in a zoning case); *Faircloth v. Greiner*, 260 Ga. 682 (401 SE2d 11) (1990) (application required to obtain review of injunctive relief contained in the denial of a motion to set aside a judgment); *Rolleston v. Rolleston*, 249 Ga. 208 (289 SE2d 518) (1982) (application required to obtain review of a temporary restraining order issued in a divorce action).

> A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35.

*Rebich v. Miles*, supra, 264 Ga. at 469. As the cases cited above make clear, failure to follow that procedure requires dismissal of the appeals.

2. Even were we to look beyond the jurisdictional hurdle looming before these appeals, the appeals would be dismissed due to mootness.

3. Ruling that they had no standing to intervene, the trial court denied the motion of state prison inmates to intervene in the PHS-DOAS litigation. An appeal from a judgment denying a motion to intervene requires the grant of an application for interlocutory review pursuant to OCGA § 5-6-34 (b). See *Wallace v. Bledsoe*, 244 Ga. 674 (261 SE2d 399) (1979); *Henderson v. Atlanta Transit System*, 233 Ga. 82 (210 SE2d 4) (1974). See also *Wells v. Smith*, 216 Ga. App. 506, n. 1 (455 SE2d 321) (1995), and *Hulsey v. Hulsey*, 212 Ga. App. 269 (441 SE2d 477) (1994). The inmates' appeal must be dismissed for failure to follow the application procedure.

*Appeals dismissed. All the Justices concur, except Fletcher, P. J., who concurs specially.*

FLETCHER, Presiding Justice, concurring specially.

I agree with the dismissal because these appeals are moot. I write separately to acknowledge that these consolidated actions are in the same procedural posture as the recently decided case of *Intl. Business Machines v. DOAS*,[2] which this Court decided on the merits. Under the rule established today, we should have dismissed the *IBM* appeal for failure to file an application. Overlooking a jurisdictional defect raised by neither party in an earlier case does not dispense with our continuing obligation to inquire into the jurisdictional bases of appeals brought before this Court. Having done so in these cases, I agree with the majority that, under the rationale of *Rebich v. Miles*,[3] frustrated bidders who are appealing a trial court's review of a state agency's failure to award a bid must seek appellate review by discretionary application, but I would apply this rule prospectively.

DECIDED OCTOBER 16, 1995 —
RECONSIDERATION DENIED NOVEMBER 3, 1995.

*Schnader, Harrison, Segal & Lewis, C. Wilson DuBose, Elizabeth Patrick, James M. Hunter, Timothy H. Kratz, Meadows, Ichter & Trigg, Mark G. Trigg*, for appellant (case nos. S95A0789, S95A1135, S95A1136).

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Powell, Goldstein, Frazer & Murphy, John T. Marshall, William M. Ragland, Jr.*, for appellees.

Albert Thomas, *pro se* (case no. S95A1850).

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney*

---

[2] 265 Ga. 215 (453 SE2d 706) (1995).
[3] 264 Ga. 467 (448 SE2d 192) (1994).

*General, Schnader, Harrison, Segal & Lewis, C. Wilson DuBose, Elizabeth Patrick, James M. Hunter, Timothy H. Kratz, Meadows, Ichter & Trigg, Mark G. Trigg, Powell, Goldstein, Frazer & Murphy, John T. Marshall,* for appellees.