A96A1331. ADIVARI v. SEARS, ROEBUCK & COMPANY et al.
(471 SE2d 59)

McMURRAY, Presiding Judge.

In this workers' compensation case, the superior court dismissed claimant Suzanne Adivari's pro se appeal from the decision of the Appellate Division, ostensibly pursuant to the provisions of OCGA § 34-9-105, in an order entered on January 3, 1996. Thereafter, claimant filed an "APPLICATION FOR APPEAL" with the clerk of the superior court, complaining of the decision "to dismiss the appellants request to appeal the decision of the Workers' Compensation Full Board," now the Appellate Division. But no application for discretionary appeal was made to this Court.

" 'A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. . . .' *Rebich v. Miles*, [264 Ga. 467 (448 SE2d 192)] at 469." *Prison Health Svcs. v. Dept. of Admin. Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601). OCGA § 5-6-35 (a) (1), in conjunction with OCGA § 5-6-35 (b) and (d), provides that appeals from the decisions of the superior courts reviewing decisions of the State Board of Workers' Compensation shall be by application in the nature of a petition for discretionary appeal, filed with the clerk of the Supreme Court or the Court of Appeals within 30 days of the entry of the order, decision, or judgment complained of. In the case sub judice, claimant's application for appeal, filed with the clerk of the superior court, is not in the nature of a petition timely filed with this Court, seeking permission to file a discretionary appeal. Claimant's "failure to follow that procedure requires dismissal of [this appeal]." *Prison Health Svcs. v. Dept. of Admin. Svcs.*, 265 Ga. 810, 811 (1), supra.

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

*Suzanne Adivari, pro se.*

*Drew, Eckl & Farnham, Nicole D. Tifverman, John A. Ferguson, Jr.*, for appellees.