A97A1604. MALOY v. EWING et al.
(486 SE2d 708)

MCMURRAY, Presiding Judge.

Seeking to collect on a judgment in excess of $800,000 obtained in the State Court of Fulton County, Georgia, plaintiffs B. R. Ewing, the B. R. Ewing Profit Sharing Trust, and B. R. Ewing, M. D., Professional Association, commenced this garnishment action against defendant T. Carlyle Scales, naming Infodek, Inc. as the Garnishee. The Garnishee tendered $23,910.71 into the registry of the court. Styling himself as "Claimant," appellant William C. Maloy appeared to "claim a superior right to that of the Plaintiff and all others in the money now in the Court's hands obtained through [this] garnishment action[,] by virtue of the fi.fa. issued by the Superior Court of Fulton County, Georgia, on the 15th day of October, 1984, in the case of William C. Maloy v. T. Carlyle Scales, Civil Action File Number C-92243, in the principal amount of $700,063.00." Claimant further alleged that his "fi.fa. was superior to that of Plaintiff under which the money was paid into Court, because it is older and was recorded in the Clerk's Office on the General Execution Docket at Book 899, page 53, on October 17, 1984, whereas the fi.fa. of Plaintiff . . . was not recorded until March 14, 1985."

Plaintiffs moved to dismiss the claim of William C. Maloy, contending it was not timely under OCGA § 18-4-95 because that claim was not filed until 148 days after plaintiffs obtained their judgment against Garnishee Infodek. Claimant replied that a junior creditor obtained no priority simply by causing money to be paid into court,

and argued that his claim could be asserted under OCGA § 18-4-95 at any time before distribution of those funds. Plaintiffs' motion to dismiss was itself dismissed. The garnishment court further concluded that William C. Maloy asserted a "valid and superior claim to the funds paid into the registry of the Court," and ordered the clerk to distribute the net proceeds to Claimant, instanter.

Claimant subsequently moved to enforce this judgment, but plaintiffs' counsel asserted an OCGA § 15-19-14 attorney's lien on the funds paid into court. After a hearing, the garnishment court concluded that, contrary to its earlier ruling, Claimant's claim was untimely. Consequently, in an order entered on Thursday, October 24, 1996, the garnishment court vacated its earlier judgment in part and denied Claimant's motion to enforce judgment. Claimant's application for discretionary appeal, filed on November 25, 1996, was denied by this Court in an order entered December 11, 1996. Claimant also filed a notice of direct appeal on November 25, 1996. *Held*:

Appeals from cases involving garnishment or attachment, except as provided in paragraph (5) of subsection (a) of Code § 5-6-34, shall be by application for discretionary appeal. OCGA § 5-6-35 (a) (4). The exception allows a direct appeal from "[a]ll judgments or orders granting or refusing applications for attachment against fraudulent debtors." OCGA § 5-6-34 (a) (5). "Contrary to [Claimant's] arguments, the exception as set forth in OCGA § 5-6-34 (a) (5) is clearly not applicable here [as Claimant sought no attachment against an allegedly fraudulent debtor], and thus we must dismiss [this direct] appeal. . . . OCGA § 5-6-35 (a) (4); see *Wallace v. Saks Fifth Ave.*, 180 Ga. App. 679 (350 SE2d 308) (1986)." *Easley, McCaleb & Stallings, Ltd. v. Gateway Management*, 191 Ga. App. 588 (382 SE2d 373).

*Appeal dismissed. Beasley and Smith, JJ., concur.*

DECIDED MAY 15, 1997.
 Before Judge Mather.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Richard A. Kaye*, for appellant.

*Cashin, Morton & Mullins, Richard W. Gerakitis, John L. Skelton, Jr.*, for appellees.