# Court of Appeals
# of the State of Georgia

ATLANTA, December 05, 2012

*The Court of Appeals hereby passes the following order:*

**A13A0452. IN RE: SALVATORE LOUIS SCHIAPPA III et al. v. JENNY PHILLIPS et al.**

Asset Acceptance, LLC, assignee of Washington Mutual Bank, filed an affidavit and summons of continuing garnishment directing Rabun Medical Center, LLC, Jenny Phillips' employer, to garnish Phillips' wages to satisfy a debt. Phillips filed a timely traverse, alleging that the debt sought to be recovered had been paid in full. As required by OCGA § 18-4-93, the trial court set a hearing on the traverse "not more than ten days from the date the traverse [was] filed." S. Louis Schiappa and Jarvis B. Lakemaker, Asset Acceptance's attorneys, sought a continuance of the hearing, which was denied. Neither Asset Acceptance nor its attorneys appeared at the hearing, and, according to the trial court's order, upon being contacted by the court's staff, "counsel stated that they would not be present and that they would have to live with the court's decision." The trial court heard the evidence presented at the hearing, dismissed the garnishment action, held Schiappa and Lakemaker in contempt for their failure to appear, and ordered the two attorneys to each pay a fine of $125.

Schiappa and Lakemaker attempt to directly appeal from this order. However, the underlying subject matter of this appeal is an action in garnishment, and the underlying subject matter generally controls over the relief sought in determining the proper appellate procedure. *Prison Health Svcs. v. Ga. Dept. of Administrative Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995) (an order is subject to the discretionary application procedure "if the underlying subject matter of the appeal is one contained in O.C.G.A. § 5-6-35"); see also *Alexander v. DeKalb County*, 264 Ga. 362, 363, n.4 (444 Se2d 743) (1994) (application required to obtain review of a denial of a motion

for contempt filed in a zoning case). Under OCGA § 5-6-35 (a) (4), appeals from cases involving garnishment must be made by application for discretionary appeal. See *Lamb v. First Union Brokerage Svcs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003).

Because Schiappa and Lakemaker failed to follow the proper discretionary appellate procedure, this appeal is hereby DISMISSED for lack of jurisdiction. See *Thomas v. Grisson*, 191 Ga. App. 421 (383 SE2d 907) (1989).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* <u>12/05/2012</u>
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*