# Court of Appeals
# of the State of Georgia

ATLANTA,    July 09, 2013

*The Court of Appeals hereby passes the following order:*

## A13A2040. HOLIDAY HOSPITALITY FRANCHISING, INC. v. THOMAS F. NOONS et al.

This is the fourth time this case has been before us. The first time, we affirmed a grant of summary judgment in favor of Holiday Hospitality Franchising, except we reversed the trial court's calculation of interest. See *Noons v. Holiday Hospitality Franchising, Inc.*, 307 Ga. App. 351 (715 SE2d 166) (2010). On remand, our judgment was made the order of the trial court. Holiday Hospitality Franchising then filed a "reverse corporate veil piercing" motion, seeking to hold Thomas Noons' corporation liable for the judgment against him. The trial court denied the motion, and Holiday Hospitality Franchising filed a direct appeal. We found the case directly appealable, and it is currently pending in this Court. See *Holiday Hospitality Franchising, Inc. v. Noons*, Case No. A12A2570. Holiday Hospitality Franchising also attempted to collect the judgment by garnishing two accounts Noons holds at Merril Lynch, Pierce, Fenner & Smith. The trial court concluded that the accounts were not subject to garnishment. Holiday Hospitality Franchising filed an application for discretionary appeal from this court order, which we denied. See *Holiday Hospitality Franchising v. Noons*, Case No. A12D0371 (decided May 23, 2012). It also filed this direct appeal from the order. We lack jurisdiction over the direct appeal.

Under OCGA § 5-6-35 (a) (4), a discretionary application is required in "[a]ppeals from cases involving garnishment or attachment, except as provided in paragraph (5) of subsection (a) of Code Section 5-6-34." OCGA § 5-6-34 (a) (5), in turn, provides a right of direct appeal from "[a]ll judgments or orders granting or

refusing applications for attachment against fraudulent debtors." The question, then, is whether this was an application for attachment against a fraudulent debtor. We considered this issue when questioning whether Noons' application for discretionary appeal was directly appealable, and we found that based on the record, this appears to be an ordinary garnishment action with no application for attachment. Accordingly, no direct appeal is authorized, and Holiday Hospitality Franchising properly filed an application for discretionary appeal. See, e.g., *Maloy v. Ewing*, 226 Ga. App. 490 (486 SE2d 708) (1997). Moreover, the denial of the application for discretionary appeal was an adjudication on the merits, and the doctrine of res judicata bars this direct appeal. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/09/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

 *, Clerk.*