# Court of Appeals
# of the State of Georgia

ATLANTA, September 05, 2013

*The Court of Appeals hereby passes the following order:*

## A13A1219. HUGH A. WATTS et al. v. MID-FIRST BANK, S. A.

Mid-First Bank sued Hugh and Mildred Watts for a balance allegedly due under the terms of a credit card agreement. The trial court entered default judgment in favor of Mid-First Bank on November 21, 2002. Mid-First Bank then filed a separate action for garnishment. The Wattses answered and filed a traverse alleging that the debt sought to be recovered had been paid in full. In the meantime, the Wattses filed a motion to set aside and vacate the default judgment under OCGA § 9-11-60. The trial court denied the motion to set aside in the first case on December 7, 2004, and denied the traverse in the second case on January 4, 2005. The Wattses attempt to directly appeal both the December 7, 2004 and January 4, 2005 orders in their notice of appeal filed on January 5, 2005. We lack jurisdiction.

"[T]he denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." (Punctuation and citations omitted.) *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). Given the Wattses' failure to follow the requisite appellate procedure with respect to the December 7, 2004 order denying their motion to set aside the default judgment, we lack jurisdiction to consider the appeal of this order.

In addition, the underlying subject matter of the January 4, 2005 order is an action in garnishment, and the underlying subject matter generally controls over the relief sought in determining the proper appellate procedure. *Prison Health Svcs. v. Ga. Dept. of Administrative Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995) (an order is subject to the discretionary application procedure "if the underlying subject

matter of the appeal is one contained in O.C.G.A. § 5-6-35"). Under OCGA § 5-6-35 (a) (4), appeals from cases involving garnishment must be made by application for discretionary appeal. See *Lamb v. First Union Brokerage Svcs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003). Because the Wattses failed to follow the proper discretionary appellate procedure with respect to the January 4, 2005 order, we lack jurisdiction to consider the appeal of this order. See *Thomas v. Grisson*, 191 Ga. App. 421 (383 SE2d 907) (1989).

     The appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/05/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*