# Court of Appeals
# of the State of Georgia

ATLANTA,   April 30, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1368. MICHEL THOMAS v. ROLLINS, INC. d/b/a ORKIN, INC. et al.**

On September 16, 2013, Michel Thomas filed a pro se direct appeal from a May 3, 2013 superior court order affirming a decision of the State Board of Workers' Compensation.[1] We lack jurisdiction over this appeal for two reasons.

First, "[a]ppeals from decisions of the superior courts reviewing decisions of the State Board of Workers' Compensation" require an application for appeal. Compliance with the discretionary appeal procedure is jurisdictional. See OCGA § 5-6-35 (a) (1); *Adivari v. Sears*, 221 Ga. App. 279 (471 SE2d 59) (1996). Thomas' failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal. Additionally, even if a direct appeal were permissible here, Thomas' appeal is untimely. OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of entry of the order to be appealed, and the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Thomas filed his notice of appeal four months after the order was entered.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.

---

[1] Thomas initially filed this direct appeal in the Supreme Court, which transferred it to this Court after finding that the case did not invoke its jurisdiction. Thomas also filed an application for discretionary review of the same order in this Court. We denied that application. See Case No. A13D0408 (decided June 24, 2013).



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,* 04/30/2014
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*