# Court of Appeals
# of the State of Georgia

ATLANTA,   August 20, 2015

*The Court of Appeals hereby passes the following order:*

## A15A2259. MICHEL THOMAS v. ROLLINS, INC.

The State Board of Workers' Compensation denied Michel Thomas's claim for benefits. He appealed to the superior court, which affirmed the administrative ruling. He then applied for discretionary review in this Court, but we denied his application. See Case No. A13D0408, decided June 24, 2013. Back in the superior court, Thomas filed several motions to set aside a void judgment.[1] After the superior court denied the motions, Thomas appealed to the Supreme Court, which transferred the case here.

The underlying subject matter generally controls over the relief sought in determining the proper procedure for seeking appellate relief. *Prison Health Svcs. v. Ga. Dept. of Administrative Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995) (an order is subject to the discretionary application procedure "if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35"); see also *Adivari v. Sears, Roebuck & Co.*, 221 Ga. App. 279 (471 SE2d 59) (1996). The underlying subject matter of this appeal is a decision of the State Board of Workers' Compensation. Thus, Thomas was required to file an application for discretionary appeal. See *Dunlap v. City of Atlanta*, 272 Ga. 523 (531 SE2d 702) (2000); *Adivari*, supra. His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.

---

[1] Thomas's motions to set aside the judgment are not part of the record because he asked the superior court clerk to omit nearly everything from the record. Thus, the legal basis of the motions is not clear. In his notice of appeal, however, Thomas stated that he sought to set aside the judgment for lack of subject matter jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ___08/20/2015___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*