# Court of Appeals
# of the State of Georgia

ATLANTA,____May 16, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16I0194. GEORGE D. OVEREND v. KEYBANK NATIONAL ASSOCIATION.

After the state court denied George D. Overend's traverse in a garnishment action, Overend filed an application for interlocutory appeal. Subsequently, Overend filed an application for discretionary appeal.[1] Under OCGA § 5-6-35 (a) (4), appeals in cases involving garnishment must be initiated by an application for discretionary appeal filed with this Court. OCGA § 5-6-35 (a) (4) and (b); *Maloy v. Ewing*, 226 Ga. App. 490, 491 (486 SE2d 708) (1997).[2] Because Overend has already filed a timely discretionary application, we hereby DISMISS this interlocutory application as superfluous. Overend's application for discretionary appeal remains pending for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*____05/16/2016____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Overend's application was timely filed and docketed as A16D0360.

[2] Appeals from cases involving garnishment or attachment, except as provided in paragraph (5) of subsection (a) of Code § 5-6-34, shall be by application for discretionary appeal. OCGA. § 5-6-35 (a) (4). The exception allows a direct appeal from "all judgments or orders granting or refusing applications for attachment against fraudulent debtors." OCGA. § 5-6-34 (a) (5).