# Court of Appeals
# of the State of Georgia

ATLANTA,   September 22, 2016

*The Court of Appeals hereby passes the following order:*

## A17A0197.  ALEXANDER LAW FIRM, P.C. v. 2925 PROPERTIES, LLC.

This case originated as a dispossessory case in magistrate court, in which 2925 Properties, LLC obtained a judgment against Kwania Newman for unpaid rent related to a commercial lease.  Newman filed a complaint for wrongful dispossession against 2925 Properties in state court.  2925 Properties then filed a garnishment action against Newman in magistrate court naming Alexander Law Firm, P.C. as the garnishee.  The magistrate court subsequently granted Newman's traverse.  2925 Properties then appealed to the superior court.  Pursuant to 2925 Properties and Newman's settlement agreement disposing of all claim between them, the superior court ordered Alexander Law Firm to distribute $6,000.00 to 2925 Properties and the remaining balance of the funds to Newman.

Thereafter, Newman filed a motion for contempt against Alexander Law Firm for failing to release the court-ordered funds to her.  In April 2016, the superior court granted the motion for contempt and ordered Alexander Law Firm to pay the funds to Newman.  Alexander Law Firm then filed a motion to vacate the April 2016 superior court order.  The superior court subsequently denied the motion to vacate.[1]

Alexander Law Firm attempts to directly appeal the order granting the motion for contempt and order denying its motion to vacate.  However, the underlying subject matter of this appeal is an action in garnishment, and appeals in cases involving garnishment must be initiated by discretionary application filed with this

---

[1] Alexander Law Firm has since complied with the April 2016 superior court order by paying Newman the funds, and purged itself of contempt.

Court.  OCGA § 5-6-35 (a) (4) and (b); *Maloy v. Ewing*, 226 Ga. App. 490, 491 (486 SE2d 708) (1997); *Lamb v. First Union Brokerage Svcs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003).  While judgments and orders in contempt cases may be directly appealable under OCGA § 5-6-34 (a) (2), it is the underlying subject matter of the appeal that controls.  See *Prison Health Svcs. v. Ga. Dept. of Administrative Svcs.*, 265 Ga. 810, 811 (1) (462 SE2d 601) (1995) (an order is subject to the discretionary application procedure "if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35").  Thus, Alexander Law Firm was required to follow the discretionary application procedure.  Accordingly, its failure to comply with the required appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____09/22/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*