A96A0869. RANKIN v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS.
(469 SE2d 500)

BIRDSONG, Presiding Judge.

Pursuant to its investigative authority under OCGA § 43-34-37 (d), the Composite State Board of Medical Examiners served Dr. Michael Rankin with an administrative subpoena to produce certified copies of the treatment records, insurance claim records, and

---

financial sheets for certain of his patients. Dr. Rankin refused to comply with the subpoena on the ground that the records at issue contain AIDS confidential information as defined in OCGA § 31-22-9.1.

The State Board then filed a petition with the Superior Court of Fulton County, seeking an order requiring compliance with the investigative subpoena. On November 9, 1995, the superior court granted the State Board's petition. On December 8, 1995, Dr. Rankin filed this direct appeal from that order. (He also filed an application for discretionary appeal, which this Court denied on January 4, 1996.)

The State Board contends that this direct appeal should be dismissed because the matter requires the discretionary appeal procedures set forth in OCGA § 5-6-35. Under OCGA § 5-6-35 (a) (1), the discretionary appeal procedures are required in appeals from decisions of superior courts reviewing decisions of state administrative agencies. The instant case does not involve the typical situation where an administrative proceeding results in a formal administrative decision that is reviewed by the superior court, but it does concern the superior court's review of an administrative agency's use and enforcement of its investigative powers.

As such, this case does not fall squarely within the ambit of either OCGA § 5-6-34 or OCGA § 5-6-35. However, where both Code sections may be implicated, "the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal." *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192). Inasmuch as the decision of a superior court reviewing a final decision of the State Board would require the discretionary appeal procedures, those procedures were required in the instant case. Accordingly, this direct appeal must be dismissed.

*Appeal dismissed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1996.

*Neely & Player, Steven A. Westby, Thompson, O'Brien, Kemp & Nasuti, Robert C. Buck*, for appellant.
*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Assistant Attorney General, Katherine R. Smith, Janet B. Wray, Assistant Attorneys General*, for appellee.