S94A1043. REBICH v. MILES.
(448 SE2d 192)

FLETCHER, Justice.

This case concerns the proper method for pursuing appeals when both the direct appeal and discretionary appeal statutes are implicated. Daniel G. Rebich seeks a writ of mandamus against the commissioner of the Georgia Department of Public Safety to compel the state to hold a hearing on the suspension of his driver's license. Since Rebich failed to file a discretionary application, the commissioner argues that this court does not have jurisdiction. Because the underly-

---

ing subject matter generally controls over the relief sought in determining the proper appellate procedure, we agree and dismiss this direct appeal.

Rebich was arrested for driving under the influence and requested an administrative hearing on the suspension of his license. After the department denied his request as untimely, he sued Commissioner Sid Miles in superior court, seeking judicial review, injunctive relief, and a writ of mandamus.[1] The trial court dismissed the action, Rebich filed a direct appeal with the Court of Appeals, and the Court of Appeals transferred the appeal to this court based on the denial of the writ of mandamus.

Two Code sections determine the method for pursuing appeals to this court and the Court of Appeals. *City of Atlanta Bd. of Zoning Adjustment v. Midtown N., Ltd.*, 257 Ga. 496, 497, n. 1 (360 SE2d 569) (1987). OCGA § 5-6-34 describes the trial court judgments and orders that may be appealed directly, including "[a]ll judgments or orders granting or refusing to grant mandamus." OCGA § 5-6-35 lists cases in which an application for appeal is required and includes "[a]ppeals from decisions of the superior courts reviewing decisions of the . . . state and local administrative agencies." See *Olin Corp. v. Collins*, 261 Ga. 849 (413 SE2d 193) (1992) (dismissing direct appeal). The General Assembly passed OCGA § 5-6-35 to assist in reducing the massive caseload of the appellate courts. "The clear intent of [OCGA § 5-6-35 (a) (1)] was to give the appellate courts . . . the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case)." *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 730 (273 SE2d 139) (1980).

Both OCGA §§ 5-6-34 (a) and 5-6-35 (a) are involved when, as here, a trial court issues a judgment listed in the direct appeal statute in a case whose subject matter is covered under the discretionary appeal statute. In resolving similar conflicts, this court has ruled that an application for appeal is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a). *Bedford v. Bedford*, 246 Ga. 780 (273 SE2d 167) (1980). Therefore, the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). See, e.g., *Alexander v. DeKalb County*, 264 Ga. 362 (444 SE2d 743) (1994) (requiring discretionary application when trial court

---

[1] The General Assembly has amended OCGA § 40-5-67.1, the relevant statute, to extend the time for requesting a hearing from "five calendar days" to "ten business days." See OCGA § 40-5-67.1; Act 1209, SB 418, Legislative Services Committee, Office of Legislative Counsel, Summary of General Statutes Enacted at the 1994 Session of the General Assembly of Georgia (to be codified at OCGA § 40-5-67.1).

denies contempt motion in zoning case); *Crymes v. Smith*, 260 Ga. 730 (401 SE2d 11) (1990) (dismissing direct appeal from the denial of mandamus sought in zoning case); *Plantation Pipe Line Co. v. Strickland*, 249 Ga. 829 (294 SE2d 471) (1982) (dismissing direct appeal of summary judgment upholding decision of a state administrative agency); *Rolleston v. Rolleston*, 249 Ga. 208 (289 SE2d 518) (1982) (dismissing direct appeal of temporary restraining order because underlying subject matter of case was divorce which must be brought to this court by application).

We reiterate that the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal. A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35.[2] This approach fulfills the legislature's intent to give appellate courts more discretion in managing their caseload. Otherwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal. We overrule the holding in *Rybert &c. v. City of Atlanta*, 258 Ga. 347 (368 SE2d 739) (1988), to the extent it suggests a party may file a direct appeal from a superior court's ruling on mandamus or declaratory judgment in an action seeking review of a local zoning board's decision.

The department's decisions to suspend Rebich's driver's license and deny him a hearing on the suspension are decisions of a state administrative agency. Because the review of the department's action must come by discretionary application and Rebich failed to file an application, we are without jurisdiction to hear the merits of his appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1994.

*William C. Head,* for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, J. Philip Ferrero, Assistant Attorneys General,* for appellee.

---

[2] If the party seeks to appeal an interlocutory order, then the additional requirements of OCGA § 5-6-34 (b) must be followed. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (408 SE2d 103) (1991).