### A95A0089. SOUTHTOWNE HYUNDAI-ISUZU-SUZUKI v. HOOPER et al.
### (453 SE2d 756)

McMurray, Presiding Judge.

John F. Hooper and Sara E. Hooper brought an action against Southtowne Hyundai-Isuzu-Suzuki ("Southtowne") in magistrate court. After a judgment was entered in favor of the Hoopers, Southtowne appealed to the state court for de novo review pursuant to OCGA § 15-10-41 (b) (1). After a bench trial, the state court entered judgment in favor of the Hoopers with findings of fact and conclusions of law showing that its judgment was not only based on the same transaction and claim which was the basis of the judgment entered in favor of the Hoopers in the magistrate court but was also based on causes of action which were not asserted or considered in the magistrate court. This direct appeal followed. *Held*:

The Hoopers contend this appeal should be dismissed because OCGA § 5-6-35 (a) (11) requires an application for discretionary appeal when an appeal is sought from a state court decision reviewing a decision of a magistrate court in a de novo proceeding. In opposition, Southtowne contends this appeal does not fall within the class of cases requiring a discretionary application, arguing that the state court did not conduct de novo review of the magistrate court's decision because the state court considered claims that were not raised or considered in the magistrate court. This argument is without merit. "The only avenue of appeal available from the magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court. Regardless of whether this litigation was subsequently erroneously expanded in state court to include matters beyond the parameters of a de novo investigation (OCGA § 5-3-29), where the litigation reached the state court by means of a de novo appeal from magistrate court, in order to obtain appellate review of the state court judgment in this Court, an application for appeal must be sought as required by the clear and unambiguous language of OCGA § 5-6-35 (a) (11)." *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225). Consequently, the failure of Southtowne to follow the discretionary appeal procedures of OCGA § 5-6-35 (b) requires that this direct appeal be dismissed.

*Appeal dismissed. Andrews and Blackburn, JJ., concur.*

Decided January 13, 1995 —
Reconsideration denied February 2, 1995 —

*Marcus & Moskowitz, Todd K. Maziar,* for appellant.

*Scott Walters, Jr.,* for appellees.