A97A2193. GURLEY v. GORDON COUNTY BOARD OF
EDUCATION et al.
(498 SE2d 64)

POPE, Presiding Judge.

Plaintiff Jeri Gurley was issued a letter of reprimand by the superintendent of defendant Gordon County School District ("School District"). She appealed the superintendent's action to defendant Gordon County Board of Education ("Local Board"). After the Local Board decided to uphold the issuance of the reprimand, Gurley appealed the Local Board's decision to the State Board of Education ("State Board"), who reversed the Local Board's decision. The Local Board then appealed the State Board's decision to the superior court. The superior court reversed the State Board, effectively reinstating the reprimand. Gurley sought an appeal to this Court from the superior court's decision, but her application for discretionary appeal was denied. In a separate proceeding, which is the subject of this appeal, Gurley filed a complaint which for the first time challenged the Local Board's authority to appeal the State Board's decision to the superior court on the grounds that the Local Board had not complied with the requirements of the Georgia Open Meetings Act or the Georgia Education Code. See OCGA § 50-14-1 et seq.; OCGA § 20-2-57. The trial court dismissed Gurley's complaint and Gurley filed a notice of direct appeal from that dismissal.

1. We assume without deciding that the issues raised in this appeal have not been rendered moot by the denial of Gurley's application for discretionary appeal. However, OCGA § 5-6-35 (a) (1) enumerates "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" among those appeals which require adherence to the discretionary appeal procedure. In Rebich v. Miles, 264 Ga. 467 (448 SE2d 192) (1994), the Supreme Court held that a superior court's denial of a petition for a writ of mandamus to compel the Georgia Department of Public Safety to hold a hearing on the suspension of the petitioner's driver's license was in effect a decision of a superior court reviewing the decision of a state administrative agency within the scope of OCGA § 5-6-35 (a) (1). Similarly, we find that the decision of the Local Board in this case to appeal the State Board's decision to the superior court

constitutes a decision of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1). As such, a direct appeal to this court from the superior court's final disposition of the matter is not authorized.

We also note that Gurley's present appeal is in substance an attempt to effect the same result sought in her previous application for discretionary appeal — affirmance or reinstatement of the State Board's decision rather than that of the Local Board — through different means. *Rebich* counsels "that the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal. . . . Otherwise, any party could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal." Id. at 469. We see no valid reason to distinguish the underlying subject matter of Gurley's present appeal from that presented previously in her application for discretionary review.

For the foregoing reasons, Gurley's direct appeal is hereby dismissed for lack of jurisdiction.

2. In light of the above, the School District and Local Board's motion to dismiss the instant appeal on other grounds is rendered moot.

*Appeal dismissed for lack of jurisdiction. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1998 —
RECONSIDERATION DENIED MARCH 23, 1998

*Kramer & Thomas, Michael E. Kramer*, for appellant.
*Brock, Clay, Wilson & Rogers, Ernest L. Gunn IV, Danny G. Brock*, for appellees.