### A02A2381. BULLOCK v. SAND.
(581 SE2d 333)

BARNES, Judge.

Paul Bullock, defendant below, has filed a direct appeal under OCGA § 5-6-34 (a) of the superior court's grant of partial summary judgment to Lisa Sand in his de novo appeal to the superior court of a magistrate court's judgment in Sand's favor.

Our first consideration is whether we have jurisdiction over this appeal. *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983). Although not raised by the parties, this court does not have jurisdiction to consider this appeal because an application to appeal under OCGA § 5-6-35 (a) was required.

Sand filed her complaint against Bullock in magistrate court alleging primarily that Bullock violated the Georgia Motor Vehicle Sales Financing Act, and, after the magistrate court rendered a judgment in her favor, Bullock appealed that judgment to the superior court. Subsequently, Sand amended her complaint to assert that Bullock's conduct also violated the Georgia Fair Business Practices Act. After the superior court granted partial summary judgment to Sand on both of these counts and awarded compensatory damages, exemplary damages, attorney fees, and expenses of litigation, Bullock filed a notice of appeal, apparently contending that the grant of partial

summary judgment was directly appealable under OCGA § 9-11-56 (h).

In this state,

> [a]ppeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal. OCGA § 5-6-35 (a) (1), (b). The clear intent of section (a) (1), above, was to give the appellate courts (particularly the Court of Appeals) the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case). Because the appeal to this Court is taken from the decision of a superior court reviewing a decision of a magistrate court by a de novo proceeding, the discretionary appeal procedures of OCGA § 5-6-35 were required and this direct appeal must be dismissed.

(Citations and punctuation omitted.) *Dean's Catering v. Sturm & Assoc.*, 231 Ga. App. 202-203 (498 SE2d 786) (1998).

Additionally, OCGA § 5-6-35 applies even though the judgment Bullock seeks to appeal was the grant of partial summary judgment.

> Although OCGA § 9-11-56 (h) provides that "(a)n order granting summary judgment on any issue or as to any party shall be subject to review by appeal," this statute does not provide for direct appeals from *all* grants of summary judgment, but must be read in conjunction with OCGA §§ 5-6-34 and 5-6-35 regarding the procedure for appeal to this court.

*Jarrett v. Ford Motor Credit Co.*, 178 Ga. App. 600-601 (344 SE2d 440) (1986). Therefore, this grant of summary judgment is not subject to a direct appeal.

Further, even though the appeal was expanded in the superior court to include matters not raised initially in the magistrate court, the litigation reached the superior court through a de novo appeal from magistrate court. The clear and unambiguous language of OCGA § 5-6-35 (a) (1) requires that an application for appeal be filed to obtain appellate review of the superior court's judgment. *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225) (1991). When determining the proper appellate procedure to be followed, the underlying subject matter generally controls over the relief sought. *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994).

Accordingly, because Bullock did not follow the procedures required by OCGA § 5-6-35 (b), this direct appeal must be dismissed.

*Dean's Catering v. Sturm & Assoc.*, supra, 231 Ga. App. at 203; *Jarrett v. Ford Motor Credit Co.*, supra, 178 Ga. App. at 601.

*Appeal dismissed. Ruffin, P. J., and Adams, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Even when the superior court decides an issue that was not raised or considered in the magistrate court, any appeal to this court must be pursuant to the discretionary appeal procedures because the case reached the superior court through a de novo appeal from the magistrate court. *Southtowne Hyundai-Isuzu-Suzuki v. Hooper*, 216 Ga. App. 214 (453 SE2d 756) (1995). Thus, as the underlying subject matter in this appeal was a de novo appeal from the magistrate court, this appeal was subject to the procedures in OCGA § 5-6-35. *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002).

Additionally, because another issue remains pending in the superior court, Bullock's opportunity to appeal these rulings has not been lost. When the remaining issue is decided and a final judgment issues, Bullock can appeal these grants of summary judgment at that time by filing a timely application for discretionary appeal. OCGA §§ 5-6-34 (d); 5-6-35 (a) (1); *Studdard v. Satcher, Chick &c.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995).

*Motion for reconsideration denied.*

DECIDED MARCH 26, 2003 —
RECONSIDERATION DENIED APRIL 14, 2003.

*Barry G. Irwin, F. Mayes Davison*, for appellant.
*Kerry S. Doolittle*, for appellee.

