# Court of Appeals
# of the State of Georgia

ATLANTA,    August 25, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2309.   TYRA  CRAWL  et  al.  v.  CAPITAL  CITY  BANK  &  TRUST COMPANY.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, the defendants appealed to the superior court. On June 3, 2015, the superior court entered an order substituting the Federal Deposit Insurance Corporation ("FDIC") as the party plaintiff for Capitol City Bank & Trust Company ("CCB&T") and dismissing CCB&T from the case. The court's order indicated that the action will continue with respect to the FDIC's claims against the defendants. Defendant Tyra Crawl has filed a direct appeal to this Court from that order.[1] We lack jurisdiction for two reasons.

First, because the case remains pending in the superior court, the order Crawl seeks to appeal is a non-final order which did not resolve all issues in the case. She therefore was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).

Second, "appeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal." (Punctuation omitted.) *Bullock v. Sand*, 260 Ga. App. 874,

---

[1] Crawl, a non-lawyer, is the only defendant who signed the notice of appeal. She thus is the sole appellant because, as a non-attorney, she may not file an appeal on behalf of her co-defendants. See *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 1 n.1 (708 SE2d 4) (2011).

875 (581 SE2d 333) (2003); see also OCGA § 5-6-35 (a) (1). Where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application. See *Scruggs*, supra at 588-589 (1).

Crawl's failure to follow the proper appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*___08/25/2015___
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*