# Court of Appeals
# of the State of Georgia

ATLANTA,   July 15, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0421. BRENDALYNNE M. DUNCAN et al. v. FEDERAL HOME LOAN MORTGAGE CORPORATION.

Federal Home Loan Mortgage Corporation filed a dispossessory action against Brendalynne M. Duncan and Tyrone La Valle Duncan. In an order signed on June 24, 2015, the trial court entered a "Final Order Granting Writ of Possession." The order contains two date-filed stamps, one on June 24, 2015 and another on March 3, 2016. On May 4, 2016, the Duncans filed an application for discretionary appeal in the Supreme Court. The Supreme Court transferred the application to this Court. We lack jurisdiction.

Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this discretionary application is a dispossessory judgment. OCGA § 44-7-56, which governs dispossessory actions, requires that an appeal from a dispossessory ruling be filed within seven days of the date judgment was entered. Here, the Duncans failed to file a timely application.[1] Accordingly, this application is hereby DISMISSED for lack of jurisdiction.

We note that the Duncans are represented by attorney Grady Roberts, who has represented numerous dispossessory clients before this Court and who is well aware

---

[1] According to the lower court clerk, the final order was entered on June 24, 2015, which means the application was filed 315 days after entry.

of the seven day deadline for appealing a dispossessory ruling. Indeed, in the application, Roberts stated that the application was filed within seven days of the dispossessory order. Court of Appeals Rule 15 authorizes the imposition of a sanction in any civil case wherein an application is determined to be frivolous. This application – filed well beyond the seven day deadline – is frivolous.[2] Accordingly, we hereby fine Grady Roberts $2,500. This sanction is imposed against attorney Grady Roberts and Roberts Law, LLC, jointly and severally, for the filing of this frivolous application. This penalty is not assessed against Roberts's clients. Upon receipt of this order, the superior court is DIRECTED to enter judgment in favor of Federal Home Loan Mortgage Corporation in the amount of $2,500 against Grady A. Roberts, III, and Roberts Law, LLC.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____07/15/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

[2] Given the number of dispossessory appeals Roberts has handled, we also question his decision to file the application in the Supreme Court, which has clearly stated that dispossessory cases do not fall within its title to land jurisdiction. See *Jordan v. Atlanta Neighborhood Housing Svcs.*, 251 Ga. 37 (302 SE2d 568) (1983). The filing of the case in the Supreme Court served no purpose other than delay.