# Court of Appeals
# of the State of Georgia

ATLANTA,   August 02, 2016

*The Court of Appeals hereby passes the following order:*

### A16A2112. ANNARESE ASHFORD et al. v. WILMINGTON SAVING FUNDS SOCIETY FSB.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, the defendants appealed to the superior court. On March 17, 2016, the superior court entered an order: (i) denying the defendants' motions for a continuance and to dismiss; (ii) granting the plaintiff's motions to compel payment of rent and to draw down funds; and (iii) directing the defendants to pay into the court registry various amounts, including monthly rent "until the issue of possession is finally decided." Defendant Annarese Ashford has filed a direct appeal to this Court from that order.[1] We lack jurisdiction for two reasons.

First, because the case remains pending in the superior court, the order Ashford seeks to appeal is a non-final order which did not resolve all issues in the case. She therefore was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).

Second, "appeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal." *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333)

---

[1] Ashford, a non-lawyer, is the only defendant who signed the notice of appeal. She thus is the sole appellant because, as a non-attorney, she may not file an appeal on behalf of her co-defendant. See *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 1, n. 1 (708 SE2d 4) (2011).

(2003) (punctuation omitted); see also OCGA § 5-6-35 (a) (1). Where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1).

Ashford's failure to follow the proper appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____08/02/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*