# Court of Appeals
# of the State of Georgia

ATLANTA,   April 06, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1337.   THOR ANDERSON v. HSBC BANK, NA, AS TRUSTEE FOR FREEMONT HOME LOAN TRUST 2006-D.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling in that court, defendant Thor Anderson appealed to the superior court. The superior court issued several orders ruling that a writ of possession issue in favor of the plaintiff, with its most recent order entered on September 2, 2015. On November 19, 2015, Anderson filed a notice of appeal to the Georgia Supreme Court, which transferred the appeal here.[1] The plaintiff has filed a motion to dismiss the appeal.

We lack jurisdiction for two reasons. First, "appeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal." *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also OCGA § 5-6-35 (a) (1). Anderson's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal.

Second, Anderson's appeal is untimely. Pursuant to OCGA § 44-7-56, an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Here, Anderson's notice of appeal was filed 78 days after entry of the most recent superior court order ruling that a writ of possession issue in favor of the plaintiff.

---

[1] Supreme Court Case No. S17A0856.

Accordingly, the plaintiff's motion to dismiss is hereby GRANTED, and the appeal is hereby DISMISSED for lack of jurisdiction.[2]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__04/06/2017_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[2] We decline to address the plaintiff's request for frivolous appeal damages, as the request was not filed as a separate document, but was made in the motion to dismiss. See Court of Appeals Rule 41 (b).