# Court of Appeals
# of the State of Georgia

ATLANTA, _May 03, 2019_

*The Court of Appeals hereby passes the following order:*

**A19A1550. BRIAN PETER POLLARD v. KAYLEEN MARIE POLLARD.**

Brian Peter Pollard and Kayleen Marie Pollard were divorced in 2013. In 2018, Brian filed a petition for modification of alimony. On March 8, 2018, the court dismissed Brian's petition for modification. Brian sought reconsideration and while his motion for reconsideration was pending, Kayleen filed a motion for injunctive relief, alleging that, since the trial court's March 8 order, Brian had engaged in a pattern of harassment, including sending a letter to her family, friends, and former coworkers describing his account of why their marriage ended and publishing her medical and financial information. In June 2018, the trial court granted Kayleen a temporary injunction, prohibiting Brian from contacting her or publishing her private records. Kayleen then filed a motion to correct clerical errors in the order under OCGA § 9-11-60 (g), and the trial court thereafter entered an amended order in December 2018. Brian filed a direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (4) direct appeals are permitted from all judgments or orders granting or refusing applications for interlocutory or final injunctions. However, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. OCGA § 5-6-35 (a) (2). In this regard, when "the underlying subject matter, i.e., the issues sought to be appealed, clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of [OCGA § 5-6-35 (a) (2)]." *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984); see *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994) ("[T]he underlying subject

matter generally controls over the relief sought in determining the proper procedure to follow to appeal.").

Although Brian seeks relief from the trial court's order granting Kayleen's request for an injunction, the injunction arises from or is ancillary to the parties' divorce proceedings or is derived from their marital relationship and divorce. As such, Brian was required to file an application for discretionary review under OCGA § 5-6-35 (a) (2). His failure to do so deprives us of jurisdiction over this appeal. See *Russo*, 252 Ga. at 156. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/03/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*