# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0946.  ROSEMARIE RIZZO v. BANK OF AMERICA, N.A.**

This case began as a dispossessory proceeding in magistrate court.  Following an adverse ruling, defendant Rosemarie Rizzo appealed to the superior court, which granted the plaintiff's motion for summary judgment and issued a writ of possession in favor of the plaintiff in an order entered on October 14, 2019.  Rizzo filed this direct appeal on November 8, 2019.  We lack jurisdiction for two reasons.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal.  OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003).  "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).  Rizzo's failure to follow the proper procedure deprives us of jurisdiction over this direct appeal.

Second, while a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered.  See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011).  Rizzo's notice of appeal is untimely, as it was filed 25 days after the superior court's order was entered.

For each of these reasons, Rizzo's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  01/16/2020      *
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*