# Court of Appeals
# of the State of Georgia

ATLANTA,　April 03, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1508. THOMAS JOHNSON v. ASSAF SREBRO.

This action began as a dispossessory proceeding in magistrate court. Following an adverse ruling in magistrate court, Thomas Johnson appealed to the superior court. In June 2019, the superior court entered an order consolidating the case with a related quiet title action filed by Johnson and Skater's Emporium, LLC, and, on September 13, 2019, the court entered an order requiring Johnson to pay a lump sum total and monthly rent into the court registry. Johnson filed a notice of appeal from this order on October 31, 2019. The superior court, however, dismissed the notice of appeal and issued a writ of possession to Assaf Srebro on October 28, 2019.

On November 5, 2019, Johnson filed an emergency petition for writ of mandamus in this Court, which we denied. *Johnson v. Srebro*, Case No. A20E0010 (denied Nov. 6, 2019). On November 15, 2019, Johnson attempted to file an original mandamus action in this Court, requesting this Court to compel the superior court judge to impose a stay in the action. We dismissed the mandamus action, finding that until Johnson pursued mandamus relief in superior court and obtained a ruling thereon, this Court had no basis to exercise jurisdiction. *Johnson v. Srebro*, Case No. A20A0762 (dismissed Dec. 30, 2019).

Meanwhile, back in the superior court, the court issued three orders on December 13, 2019. The first granted summary judgment to Srebro as to Count II of his Counterclaim to quiet title. The second granted Srebro's motion for judgment on the pleadings or to dismiss the complaint. And the third granted Srebro's motion to strike the complaint to quiet title as to Skater's Emporium, LLC. Johnson filed a January 16, 2020 notice of appeal and a January 17, 2020 amended notice of appeal

from these orders. We, however, lack jurisdiction.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (1); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Johnson's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal.

Second, even if a direct appeal were proper in this case, this appeal is untimely. Pretermitting whether Johnson was required to file his notice of appeal within 30 days of entry of the order sought to be appealed or within 7 days of entry of the order sought to be appealed because the appeal involves a dispossessory action, Johnson's notice of appeal was untimely. See OCGA §§ 5-6-38 (a), 44-7-56. "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 336 (715 SE2d 752) (2011). Johnson's January 16, 2020 notice of appeal was untimely filed 34 days after entry of the orders he seeks to appeal.

Based on the foregoing, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/03/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*