# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2021

*The Court of Appeals hereby passes the following order:*

## A20A2123. SAE SHIN et al. v. ROBERT J. FOGARTY.

The plaintiff Robert Fogarty filed a commercial dispossessory action in magistrate court against Sae Shin, W. Michael Guthrie, Ryan Fulghum, Ryan Godowns, and 1102 Downtown, Inc. (the "Tenants"). Shin and 1102 Downtown, Inc. filed a counterclaim for damages. The magistrate court found that the Tenants owed past due rent of $31,190, and therefore awarded Fogarty possession of the property. The magistrate court transferred the remaining claims to the Superior Court of Richmond County. The Tenants appealed the magistrate court's order to the superior court.

In the superior court, Fogarty filed a motion for partial summary judgment regarding possession of the property, which the superior court granted.  The Tenants appealed that order to this Court. The superior court ordered that the Tenants pay monthly rent into the court registry during the pendency of the appeal.  We dismissed the appeal for failure to file an enumeration of errors and appellate brief.[1]

After remittitur back to the superior court, Fogarty filed a motion for summary judgment as to the Tenants' counterclaims, and requested that the court disburse to him the money in the court registry. The superior court ordered that the money held in the court registry — which included $31,190 in the magistrate court's registry and additional rent paid into the superior court's registry — be disbursed to Fogarty, but

---

[1] See *Shin v. Fogarty*, Case No. A20A0841 (dismissed Jan. 23, 2020).

denied his summary judgment motion as to the Tenant's counterclaims. The Tenants now appeal the superior court's disbursement order. We, however, lack jurisdiction.

An appeal from a superior court decision reviewing a lower court decision by certiorari or a de novo proceeding must be initiated by filing an application for discretionary appeal.[2] "Compliance with the discretionary appeals procedure is jurisdictional."[3]

"When determining the proper appellate procedure to be followed, the underlying subject matter generally controls over the relief sought."[4] Here, the underlying subject matter involves the superior court's review of the magistrate court's dispossessory judgment. Notably, the superior court's order at issue here did not address the counterclaims that were transferred from magistrate court. "Thus, as the underlying subject matter in this appeal was a de novo appeal from the magistrate court, this appeal was subject to the procedures in OCGA § 5-6-35."[5] "Even when the superior court decides an issue that was not raised or considered in the magistrate court, any appeal to this court must be pursuant to the discretionary appeal procedures because the case reached the superior court through a de novo appeal from the magistrate court."[6] "Additionally, OCGA § 5-6-35 applies even though the judgment [the Tenants seek] to appeal was the grant of partial summary judgment."[7]

---

[2] OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003).

[3] *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257 (471 SE2d 60) (1996).

[4] *Bullock*, 260 Ga. App. at 875.

[5] Id. at 876.

[6] Id.

[7] Id. at 875.

Accordingly, because the Tenants failed to comply with the discretionary appeal procedures required by OCGA § 5-6-35, this appeal is hereby DISMISSED for lack of jurisdiction.[8]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/26/2021*
*I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*

---

[8] See *Bullock*, 260 Ga. App. at 875-876.