# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0827. DEBRA JOYCE WILSON, et al. v. SUNNYLAND COMMUNITY, LLC.

This dispute originated in December 2017, when Sunnyland Community, LLC filed a dispossessory proceeding against Debra Wilson in magistrate court and in which Wilson asserted counterclaims. The magistrate court dismissed the dispossessory action based on Sunnyland's failure to provide timely notice of a proposed rent increase and it also dismissed Wilson's counterclaims. Wilson appealed the dismissal of her counterclaims to the superior court. Following a hearing, that court granted summary judgment against Wilson and in favor of Sunnyland on Wilson's counterclaims. Wilson then filed a notice of appeal in the Georgia Supreme Court, which transferred the case to this Court. We subsequently dismissed that appeal for lack of jurisdiction citing, inter alia, Wilson's failure to file an application for a discretionary appeal. See *Debra Joyce Wilson v. Sunnyland Community, LLC*, Case No. A19A0829 (February 5, 2019).

In July 2019, Sunnyland filed the current dispossessory action in magistrate court against Wilson and Kenneth Knowles. Wilson and Knowles asserted counterclaims which were identical to those asserted in the 2017 case. Following a hearing, the magistrate court granted Sunnyland a writ of possession and found that the counterclaims were barred by res judicata. Following a de novo appeal, the superior court affirmed the magistrate court's decision. Wilson and Knowles then filed a notice of appeal directed to the Supreme Court, which transferred the matter to this Court. We, however, lack jurisdiction.

As we explained when dismissing Wilson's 2019 appeal, an appeal from a

superior court order disposing of a de novo appeal from a magistrate court decision must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (11), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (punctuation omitted). Thus, Wilson's failure to follow the proper procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___02/23/2022_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*