# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0509. NICHOLE AUGUSTER v. EMPSON INVESMENTS, LLC.**

This case originated as a dispossessory proceeding in magistrate court.  After the trial court ruled in favor of plaintiff Empson Investments, LLC, defendant Nichole Auguster appealed the magistrate court's decision to superior court. The superior court entered a consent order resolving the appeal. Auguster subsequently moved to set aside the consent order, arguing that Empson Investments failed to disclose certain information. The superior court denied the motion, and Auguster filed this direct appeal. We lack jurisdiction for two reasons.

First, an appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must come by application for discretionary appeal. See OCGA § 5-6-35 (a) (8). Although Auguster's motion did not explicitly cite OCGA § 9-11-60 (d), it appears she sought to set aside the consent judgment on the basis of fraud, which is one of the grounds set forth in OCGA § 9-11-60 (d) (2).

Second, a discretionary application is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a); "the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)." *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). Under OCGA § 5-6-35 (a) (1), appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. Because this case originated as an appeal of a magistrate court decision, Auguster was required to file a discretionary application in order to appeal. See *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Auguster failed to follow the requisite procedure, we lack jurisdiction over this application for direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  04/10/2023*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*