# Court of Appeals
# of the State of Georgia

ATLANTA,  April 04, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0281. KWINNESHA MITCHELL v. 2018-1 IH BORROWER LP.**

2018-1 IH Borrower LP obtained a default judgment against Kwinnesha Mitchell in Gwinnett County Magistrate Court. On December 18, 2023, the magistrate court denied Mitchell's motion for a new trial. Seeking review of the magistrate court's order, Mitchell filed this application for discretionary appeal on March 15, 2024. We lack jurisdiction for two reasons.

First, to be timely, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal that fails to comply with the statute. See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Here, because Mitchell did not file her application until 88 days after entry of the magistrate order, we lack jurisdiction to consider it.

Second, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address an order of the magistrate court only if that order has been reviewed by a state or superior court. Id. See also *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Mitchell's failure to obtain review in the state or superior court also deprives us of jurisdiction

over this application. And because Mitchell failed to pursue a timely appeal, we cannot transfer the case to the superior court for consideration. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII (allowing this Court, in cases where it lacks jurisdiction, to transfer a civil case to a court having jurisdiction of the same); *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988). See also OCGA §§ 5-3-7 (b); 15-10-41 (b) (1) (a state or superior court has jurisdiction over an appeal from magistrate court only where that appeal is filed within 30 days after entry of the judgment).

Given our lack of jurisdiction, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __04/04/2024_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*