# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1681. JOSEPH A. COLEMAN, JR. v. WILMINGTON SAVINGS FUND SOCIETY FSB.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, pro se defendant Joseph Coleman, Jr., appealed to the superior court, which granted the plaintiff's motion to dismiss in an order entered on April 9, 2024. Coleman then filed both an application for discretionary review, and, on May 6, 2024, a notice of appeal. We denied Coleman's discretionary application on the merits, see *Coleman v. Wilmington Sav. Fund Society*, Case No. A24D0317 (May 14, 2024), and the direct appeal has been docketed as the current case, No. A24A1681. We lack jurisdiction for multiple reasons.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves an appeal from magistrate court to superior court, Coleman has no right to a direct appeal here, and we denied his application for discretionary review. See *Bullock*, 260 Ga. App. at 875; *Coleman*, Case No. A24D0317.

Second, even if a direct appeal were proper in this case, this appeal is untimely. While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Coleman's appeal was untimely filed 27 days after the superior court's dismissal order was entered.

Finally, our denial of Coleman's application in Case No. A24D0317 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  07/01/2024*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*