# Court of Appeals
# of the State of Georgia

ATLANTA,  August 14, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0066. KWAJALEIN WATERS v. BROOKS REAL ESTATE MANAGEMENT.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, pro se defendant Kwajalein Waters filed a petition for review with the superior court, which dismissed the petition on June 5, 2024. Waters filed a notice of appeal on July 5, 2024. We lack jurisdiction for two reasons.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves an appeal from magistrate court to superior court, Waters has no right to a direct appeal here. See *Bullock*, 260 Ga. App. at 875.

Second, even if a direct appeal were proper here, this appeal is untimely. While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Waters's appeal

was untimely filed 30 days after the superior court's dismissal order was entered. For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  08/14/2024            *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*