# Court of Appeals
# of the State of Georgia

ATLANTA, _April 29, 2025_

*The Court of Appeals hereby passes the following order:*

## A25A1615. DANIELLE BRAMWELL v. VICTOR WARREN PROPERTIES, INC.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, pro se defendant Danielle Bramwell appealed to the superior court, which issued a final judgment in favor of Victor Warren Properties, Inc., in February 2025. Bramwell then filed both an application for discretionary review and a notice of appeal. We denied Bramwell's discretionary application on the merits, see *Bramwell v. Victor Warren Properties*, Case No. A25D0283 (Mar. 28, 2025), and the direct appeal has been docketed as the current case, No. A25A1615. Victor Warren Properties has filed a motion to dismiss the current appeal.

Appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves an appeal from magistrate court to superior court, Bramwell has no right to a direct appeal here, and we denied her application for discretionary review. See *Bullock*, 260 Ga. App. at 875; *Bramwell*, Case No. A25D0283.

Regardless, our denial of Bramwell's application in Case No. A25D0283 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). For the above reasons, Victor Warren Properties's motion to dismiss is GRANTED, and this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__04/29/2025_____*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*