# Court of Appeals
# of the State of Georgia

ATLANTA,  May 14, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1710. YOLANDA BELL et al. v. NICOLE GARY.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, pro se defendants Yolanda Bell and Chris King appealed to the superior court, which issued a final judgment in favor of plaintiff Nicole Gary on November 12, 2024.[1] On November 21, 2024, Bell and King filed, in the superior court, a motion to dismiss, or in the alternative, stay the writ of possession pending the resolution of related probate court proceedings. On December 5, 2024, Bell and King filed a notice of appeal as to the November 12 final judgment. We dismissed that appeal as untimely and for failure to comply with the OCGA § 5-6-35 discretionary appeal requirements. *King v. Gary*, Case No. A25A1022 (Feb. 12, 2025).

On February 16, 2025, Bell and King filed, in the superior court, an "Emergency Motion to Stay Writ of Possession and Halt Eviction" and a "Motion for De Novo Review of Magistrate Court's Eviction Decision." On February 18, 2025, the superior court issued orders denying both motions. Bell and King then filed both an application for discretionary review and a notice of appeal. We denied the discretionary application on the merits, see *Bell v. Gary*, Case No. A25D0263 (Mar. 10, 2025), and the direct appeal has been docketed as the current case, No. A25A1710. We lack jurisdiction.

As we explained in our order dismissing the appeal in Case No. A25A1022, appeals from superior court decisions reviewing lower court decisions must be

---

[1] Gary's first name also is spelled "Nichole" in the lower court records.

initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves an appeal from magistrate court to superior court, Bell and King have no right to a direct appeal here, and we denied their application for discretionary review. See *Bullock*, 260 Ga. App. at 875; *Bell*, Case No. A25D0263.

Regardless, our denial of Bell and King's application in Case No. A25D0263 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); accord *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). For the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta, __05/14/2025_____

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.