# Court of Appeals of the State of Georgia

ATLANTA,  May 19, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1690. TAYO REED v. BEKIS SOLUTIONS, LLC.

In this dispossessory action, the magistrate court entered a judgment in 2023 that was adverse to Tayo Reed and in favor of Bekis Solutions, LLC ("Bekis"). Reed sued Bekis in superior court, asserting claims related to the magistrate court action. Reed appealed the superior court's grant of summary judgment in favor of Bekis, and this Court affirmed in an unpublished opinion. Case No. A24A1843 (Nov. 22, 2024).

In October 2024, Reed filed in superior court a petition for review in which she again challenged the magistrate court's judgment. On January 16, 2024, the superior court issued an order dismissing the petition. Reed filed a motion for reconsideration, which the superior court denied on January 24, 2025. Reed then initiated the instant direct appeal by filing a notice of appeal on January 28, 2025.[1] Bekis has filed a motion to dismiss the appeal. For the following reasons, we agree with Bekis that we lack jurisdiction.

First, this appeal is untimely. Appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, Case No. A25A0036, slip op. at 4, 8 (decided Apr. 22,

---

[1] Reed directed her appeal to the Supreme Court of Georgia, which transferred it here. Case No. S25A0855 (Apr. 1, 2025).

2025). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). Because Reed filed this appeal 12 days after entry of the superior court's order, it is untimely. Reed's filing of the motion for reconsideration and the superior court's denial thereof did not extend the time for filing the appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000).

Second, a direct appeal is improper. Appeals from superior court decisions reviewing lower court decisions by petition for review must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves a petition for superior court review of a magistrate court decision, Reed was required to file an application for discretionary review. See *Bullock*, 260 Ga. App. at 875.

Third, our affirmance of summary judgment in favor of Bekis in Case No. A24A1843 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Accordingly, Bekis's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED. Given our lack of jurisdiction, the numerous motions Reed has filed in conjunction with this appeal are hereby DENIED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  05/19/2025*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*