# Court of Appeals
# of the State of Georgia

ATLANTA,  June 12, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1811. RUFUS T. BEDDINGFIELD v. KEN SMITH.

After purchasing a home at a judicial foreclosure sale, Ken Smith brought the underlying action in magistrate court against Rufus T. Beddingfield and others seeking a writ of possession for the property. Following a trial, the magistrate court ruled in favor of Smith and granted the requested writ. Beddingfield then filed a petition for review in the superior court. On October 23, 2024, the superior court entered judgment in favor of Smith and again granted him a writ of possession.  The following day, the court filed a final disposition form and closed the case. Two weeks later, on November 7, 2024, Beddingfield filed a motion seeking mediation on his previously unasserted claims for wrongful foreclosure, unjust enrichment, and restitution. And on December 18, 2024, Beddingfield filed a motion that sought to add his mortgagor as third-party defendant and also sought summary judgment on the claims he asserted in his November 7 filing. On March 3, 2025, the trial court denied both of Beddingfield's pending motions, noting that they had been filed after the case was closed. Beddingfield then filed this direct appeal. We lack jurisdiction.

Appeals from superior court decisions reviewing lower court decisions by petition for review must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App.

901, 903 (862 SE2d 564) (2021). Thus, pretermitting whether Beddingfield's appeal is timely, his failure follow the procedures for a discretionary appeal deprives us of jurisdiction. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/12/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*