# Court of Appeals
# of the State of Georgia

ATLANTA, February 06, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1172. AMANDA MCGEE v. BOUNDLESS MANAGEMENT, LLC.

In this dispossessory action, the magistrate court entered a judgment that was adverse to Amanda McGee and in favor of Boundless Management, LLC. McGee filed a petition for review in the superior court. On October 20, 2025, the superior court issued an order dismissing the petition. McGee filed a motion for reconsideration, which the superior court denied on November 14, 2025. McGee then initiated the instant direct appeal by filing a notice of appeal on December 19, 2025. For the following reasons, we lack jurisdiction.

First, this appeal is untimely. Appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 515–16 (915 SE2d 91) (2025). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. See *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). Because McGee filed this appeal 60 days after entry of the superior court's order, it is untimely. McGee's filing of the motion for reconsideration and the superior court's denial thereof did not extend the time for filing the appeal, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000).

Second, a direct appeal is improper. Appeals from superior court decisions reviewing lower court decisions by petition for review must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003); see also *Rebich v. Miles*, 264 Ga. 467,

469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves a petition for superior court review of a magistrate court decision, McGee was required to file an application for discretionary review. See *Bullock*, 260 Ga. App. at 875.

Given our lack of jurisdiction, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  02/06/2026*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*